# Third District Court of Appeal

## State of Florida

Opinion filed December 20, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2607
Lower Tribunal No. 14-31429
_____


**Rebecca Willie-Koonce,**
Appellant,

vs.

**Miami Sunshine Transfer & Tours Corp., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Lazer, Aptheker, Rosella, & Yedid and Eric J. Horbey (West Palm Beach), for appellant.

Boyd, Richards, Parker & Colonnelli, W. Todd Boyd and Yvette R. Lavelle, for appellees.


Before SALTER, EMAS and LOGUE, JJ.

SALTER, J.

Rebecca Willie-Koonce, plaintiff below, appeals an order dismissing her personal injury suit against Miami Sunshine Transfer & Tours Corporation ("Miami Sunshine") for fraud on the court. We affirm, finding that the trial court did not abuse its discretion after considering a highly-probative surveillance video and the testimony of Ms. Willie-Koonce regarding her claimed limitations after her accident.

Facts

In September 2014, Ms. Willie-Koonce hired Miami Sunshine to drive her and her luggage to the cruise ship dock in Miami. As she was removing her luggage from the trailer pulled by a Miami Sunshine vehicle, the vehicle and trailer began backing up, running over Ms. Willie-Koonce and pinning her under the axle of the trailer. There is no dispute that Ms. Willie-Koonce sustained serious injuries, including a ten-day hospital stay for treatment of a fractured femur. The treatment included implanting a titanium rod and several screws to repair the bone, followed by extensive physical therapy to regain as much of her pre-injury mobility as possible.

Three months after the accident, Ms. Willie-Koonce sued Miami Sunshine and the individual operator of the vehicle which towed the trailer for negligence. During pretrial discovery, Ms. Willie-Koonce provided sworn answers to interrogatories and deposition testimony that included statements that she had a

2

"permanent limp," that she needs a cane to get around, and that when she walks a "few steps" to her car without a cane, she limps. She also testified that she could not walk without a cane carrying large boxes, had not tried carrying heavy or bulky items, and had to use a handrail to walk up steps without a cane.

Unbeknownst to her at the time, apparently, Ms. Willie-Koonce had been surveilled for some seven hours in March 2016, and videotaped for much of that time, by a defense investigator. She was videotaped while moving into a townhome in North Carolina, and the videotape clearly shows her walking continuously up and down steps without using a cane or handrail, carrying large and bulky items (of indeterminate weight) without assistance, up and down the front steps without using a cane or a handrail. The videotape of Ms. Willie-Koonce shows her walking to the back of her automobile, opening the trunk, and carrying packages (again, without the assistance of another person) into the townhome without using a cane or limping.

Miami Sunshine and its driver filed a motion to dismiss the case for fraud on the court, citing Ms. Willie-Koonce's sworn responses and contrasting it with the surveillance video evidence. They argued that Ms. Willie-Koonce had lied regarding her allegation that her injury is continuing and permanent, with concomitant future damages claimed by her as a result.

3

Ms. Willie-Koonce filed a response in opposition to the motion to dismiss for fraud on the court, and the trial court conducted an evidentiary hearing on the motion in September 2016.  As part of that hearing, Ms. Willie-Koonce testified regarding the surveillance video and her prior testimony, but was essentially unable to explain how the video could be consistent with her claims and prior testimony.  The following month, the trial court granted the defendants' motion in a final order of dismissal that included findings of fact and conclusions of law.  Among the findings were:

> The Court finds that the record evidence establishes that Plaintiff repeatedly lied under oath, both in deposition and at the evidentiary hearing, regarding issues material to the prosecution of Plaintiff's claims, to wit: her physical activities, abilities, and limitations, and that this deception was intended to interfere with the judicial system's ability to impartially adjudicate the case by improperly influencing the trier of fact and unfairly hampering the Defendants' ability to defend the case. Plaintiff's untruthful and fraudulent testimony went to the heart of Plaintiff's claimed damages.

Thereafter, Ms.  Willie-Koonce filed motions for reconsideration and rehearing, which were denied.  This appeal ensued.

<u>Analysis</u>

We review an order dismissing a party's pleadings as a "severe sanction," to be administered "only in the most egregious cases," and under a "'narrowed' abuse of discretion standard."  <u>Empire World Towers, LLC v. CDR Créances, S.A.S.</u>, 89 So. 3d 1034, 1038 (Fla. 3d DCA 2012).  The movant must prove, by clear and

convincing evidence, "that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party's claim or defense." Id. (quoting Aoude v. Mobil Oil Corp., 892 F. 2d 1115, 1118 (1st Cir. 1989)).

Ms. Willie-Koonce contends that the dismissal of the entire case goes too far, as there is no genuine dispute regarding the past medical costs and loss of income as a result of the accident. She maintains that the surveillance videotape only calls into question the extent of damages for future lost wages and for pain and suffering.

In a comparable, but distinguishable, case, videotape surveillance evidence showed that a personal injury plaintiff had testified untruthfully regarding some 19 alleged physical limitations attributable to the accident. Jimenez v. Ortega, 179 So. 3d 483, 486 (Fla. 5th DCA 2015). The trial court denied a motion to dismiss (for fraud on the court) all of the compensatory damages awarded by the jury at trial. On appeal, the Fifth District reversed the denial, but adopted a remedy less drastic than dismissal of all claims. The Fifth District allowed the award for property damage and past medical expenses, but reversed and directed dismissal of "the award for lost earnings and the award for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation

5

of a pre-existing condition and loss of enjoyment of life." Id. at 489. In that case, however, "[n]either liability nor the costs [plaintiff] sought for medical expenses and the damage to his truck were disputed." Id. at 484.

Another opinion involving a surveillance video inconsistent with a plaintiff's testimony and damage claims, Amato v. Intindola, 854 So. 2d 812 (Fla. 4th DCA 2003), reversed a trial court order of dismissal for fraud on the court. The court found that the discrepancies between the plaintiff's sworn testimony and the activities shown on the surveillance video in that case did not rise to the level of an intentional fraud:

> In most cases of personal injury there is a disparity between what the plaintiff believes are the limitations caused by the injuries and what the defense thinks. Many times surveillance tapes are used to show that the plaintiff can do more than what he or she states are the limitations. The fact that a surveillance tape shows discrepancies usually affects the jury's view of the case, but in this case it does not merit a dismissal with prejudice to appellant's case.

Id. at 816.

But in the present case, the surveillance video and Ms. Willie-Koonce's testimony (before and after she was aware of the existence of the video) do provide clear and convincing evidence of an intention to deceive the court. The record before us presents precisely the egregious misconduct warranting dismissal. Dismissal was not an abuse of the "somewhat narrowed" discretion afforded the

6

trial judge, and the trial court's findings following the evidentiary hearing (including viewing the video) will not be disturbed here.

Conclusion

Although the result in this case may seem rough justice, the courts must deal firmly and publicly with a litigant's fraud on the very judicial system the litigant asks to render justice. Over 2,000 years ago, Roman law recognized the deterrent effect of harsh penalties in the phrase "Ut poena ad paucos, metus ad omnes perveniat"—"That punishment may come to a few, the fear of it should affect all."

Affirmed.